JOHN W. BENNETT, defendant and appellant,

*v.*

ISABELLA A. BENNETT, complainant and respondent.

[Filed June 25th, 1901.]

Where the remedy at law is ample, the court of chancery will not inter-
fere to compel specific performance of a decree of another state.

On appeal from a decree advised by Vice-Chancellor Pitney,
granting alimony and the custody of children.

*Messrs. Parker & Van Gelder,* for the appellant.

*Mr. Samuel A. Patterson,* for the respondent.

The opinion of the court was delivered by

VOORHEES, J.

The appeal in this cause is taken from a decree of the court
of chancery, which, among other things, directs the payment of
certain moneys decreed to be paid by the appellant to the re-
spondent by the district court of the third judicial district of
North Dakota.

The parties had been residents of New Jersey, were married
here, and had children; the husband moved to North Dakota,
commenced proceedings for divorce, and the wife entered an
appearance in the cause, filed an answer and was represented by
counsel. The court granted a decree dissolving the bonds of mat-
rimony, and directed the husband to pay certain sums of money
at certain times, therein set forth, to the wife for the education,
support and maintenance of their minor children. It gave the
wife the custody and control of the children, but directed that
the husband be allowed to see them at reasonable times and

that he .be permitted to take and keep them from the 1st of July to the 1st of September in each year. A copy of the decree is included in, and makes a part of, the bill of complaint. The relief prayed for was that the defendant be directed to pay to the complainant the moneys decreed to her by the North Dakota court.

The defendant, in his answer, admitted the substantial averments of the bill, but denied that the complainant had shown such right or interest therein as entitled her to the relief of a court of equity, and claimed the same benefit of such objection as though he had formally demurred to the bill of complaint. He then attached a cross-bill, in which he prayed for affirmative relief in certain matters connected with the former decree in case the complainant should be successful in her application and the demurrer be overruled.

The defendant, in effect, demurred to the bill when he claimed the benefit of the objections set forth by him as though he had formally demurred thereto.

Chancellor Zabriskie, in *Veghte* v. *Raritan Water Power Co.,* *4 C. E. Gr. 142,* said: "This objection as taken here is really a demurrer, and is none the less so because written on the same sheet, between the paragraphs of the answer, instead of being engrossed and filed as a separate paper."

The filing of the cross-bill after demurrer to the bill of complaint did not prevent the court from considering whether the bill of complaint was demurrable.

A litigant may demur to a part, answer to part and plead to a part of a bill; all the modes of defence may be joined, provided each relates to separate and distinct parts of the bill. *Mitf. Pl. 106; Story Eq. Pl. 439.*

The effort of the complainant in this cause was to procure the court of chancery to specifically enforce so much of the decree of the North Dakota court as directed the payment of money.

Article 4, section 1 of the constitution of the United States provides: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." This provision does not make the foreign decree or judg-

ment a record to be enforced without further proceedings in the state to which it is taken, nor does it refer to the remedy or means of enforcing it, but only provides that the facts found in the foreign court upon which the judgment or decree was entered cannot be inquired into by the courts. of the sister states.

Mr. Justice Catron, in *D'Arcy* v. *Ketchum, 11 How. 175,* said that "a judgment where the defendant had been served with process concluded such defendant, when sued thereon in another state, from going behind the original cause of action in like manner as he was concluded in the state where the judgment was rendered."

A judgment of another state is a debt of record, not examinable upon its merits, but it does not carry with it into another state the efficacy of a judgment upon property or upon persons to be enforced by execution; to give it that force it must be made a judgment there and can only be executed in the latter as its laws permit. *McElmoyle* v. *Cohen, 13 Pet. 312; Bank* v. *Dalton, 9 How. 522; Mills* v. *Duryee, 7 Cranch 485.*

It was held in *Bullock* v. *Bullock, 6 Dick. Ch. Rep. 444,* that such judgment, when properly obtained, is conclusive evidence in another state of the matter litigated, but can only be enforced in such sister state by another suit. This case was affirmed (*7 Dick. Ch. Rep. 571*), in which Mr. Justice (now chancellor) Magie said: "When the foreign court was empowered to dissolve the bonds of matrimony, it would be clothed with authority to determine the amount of alimony and render judgment therefor, but it could not require security for the payment of alimony to be given by mortgage of lands beyond its jurisdiction." And further on (at *p. 567*) said: "If, by the decree to pay alimony, an indebtedness arises, from time to time, as such payments become due, an action at law would lie thereon, and the foreign decree would form conclusive evidence of such indebtedness."

A decree for divorce with an allowance for alimony or support is as much a judgment as if it had been obtained in a common law court. *Barber* v. *Barber, 21 How. 582.*

The effect of a judgment or decree recovered in one state when certified to another state, under the act of congress and

the above-stated clause of the constitution of the United States, is to furnish an indisputable proof of the amount due, where both the parties were properly before the court, but does not authorize a judge or chancellor to proceed upon such decree or judgment until recovery shall have been had thereon in the court of the state to which the same had been transferred.

In *Bullock* v. *Bullock, 28 Vr. 508,* the supreme court held that an action at law may be maintained in this state upon a decree for alimony made in New York, if the New York court had jurisdiction of the subject-matter and of the person of the defendant.

Mr. Justice Field, in *Public Works* v. *Columbia College, 17 Wall. 521,* said: "It must be shown that legal means for the collection of debts have been exhausted before the court of chancery will interfere."

The general rule is that the court of chancery will not take jurisdiction of a cause where no fraud or special equities appear and there is an adequate and complete remedy at law. *Agens* v. *Agens, 5 Dick. Ch. Rep. 566; 1 Pom. Eq. Jur. § 178.*

The complainant below undertook to recover from the defendant moneys decreed to her by the court of North Dakota. The defendant demurred to the bill upon the ground that she had a full and adequate remedy to recover the same in the courts of law; no question was raised by her prayer requiring the interposition of the court of equity; the remedy at law was ample, and the court of chancery erred in overruling the demurrer and undertaking to specifically enforce the decree. The decree of the court of chancery should be reversed and the bill dismissed.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM —15.

*For affirmance*—None.