HUGO JABURG and HENRY JABURG, copartners, doing business under the firm name and style of Jaburg Brothers,

*v.*

FANNIE KIRSCHENBAUM, as administratrix, &c., et al.

[Decided May 16th, 1919.]

1. A creditor of a decedent's estate who has presented his claim to the administrator has his debt fastened on his debtor's property so that he may maintain a bill against the buyer and the estate of the vendor (the decedent) to set aside a sale alleged to have been made in violation of the Bulk Sales act. *P. L. 1915 p. 59.*

2. It appearing that, unless such a suit is maintainable, the creditor of a decedent will be deprived of all remedy under the Bulk Sales act, leave will be granted under the provisions of section 65 of the Orphans Court act (*3 Comp. Stat. p. 3832*), to maintain such a suit against the administrator prior to the expiration of the six months' immunity from suit granted to the administrator under such section.

3. *Muller* v. *Hubschmann, 84 N. J. Eq. 30,* distinguished.

On bill, &c.

*Messrs. Bloom & Lasher,* for the motion.

*Mr. Joseph Steiner,* opposed.

LANE, V. C.

The bill alleges that on January 13th, 1919, Joseph Kirschenbaum was indebted to complainants in a certain sum for goods

sold by them to him; on January 13th he sold a stock of merchandise and fixtures in bulk to Benjamin Newman; the proceedings were wholly in violation of the provisions of chapter 208 of the laws of 1915 (*P. L. 1915 p. 377*); Newman entered into possession of the property, and still is in possession; on February 5th Joseph Kirschenbaum died intestate, and on March 5th Fannie Kirschenbaum applied for and was duly granted letters of administration upon his estate; complainants have presented their bill to both Newman and Fannie Kirschenbaum as administratrix, and both have refused to pay, although the administratrix has admitted that the debt is due; complainants are precluded from bringing action against Fannie Kirschenbaum as administratrix, obtaining judgment and levying execution until six months after the death of the intestate, at which time the remedy provided for by the statute for attacking the sale by Joseph Kirschenbaum to Benjamin Newman, either at law or in equity, will have expired (the time limited by the act commonly called the Bulk Sales act, being ninety days from and after the date of the sale); Fannie Kirschenbaum is liable as administratrix to complainants and they have no method of ascertaining whether or not she will be financially responsible when the time arrives when complainants may proceed against her at law; Benjamin Newman is financially responsible and complainants are precluded from proceeding against him at law because he did not contract the debt in question, and because their right to proceed against him at law only arises after judgment against Fannie Kirschenbaum as administratrix and execution returned unsatisfied; the prayer of the bill is that a decree may be made declaring the said sale fraudulent and void and requiring the defendants, or one of them, to pay complainants' bill and that a receiver be appointed to operate and manage the business until the amount of the debt is raised therefrom and for an injunction prohibiting defendant Newman from disposing of the assets of the business.

The motion to strike is made by the administratrix and the argument was confined to two points—*first,* that the statute precludes an action at law or in equity against the administratrix

within six months after the death of her intestate where the object of the action is to obtain a money judgment against the estate, and *second,* that neither the Bulk Sales act nor the statute of frauds can be available to complainants until they have their debt fastened on their debtor's property by law or by judicial process. And upon the second point reliance is placed solely upon the opinion of Vice-Chancellor Stevens in *Muller* v. *Hubschman, 96 Atl. Rep. 189; 84 N. J. Eq. 30.* The first objection may be disposed of by granting leave for the institution of the action as provided for in section 65 of the act concerning orphans court. 3 *Comp. Stat. p. 3832.* In view of the fact that complainants will be deprived of taking advantage of the provisions of chapter 208 of the laws of 1915 (*P. L. 1915 p. 377*), unless a suit of this nature can be brought, I think that leave should be granted. It may be granted *nunc pro tunc* as of a date prior to the filing of the bill, or, if counsel are so advised, the bill may be refiled.

Without considering the question as to whether the objection secondly indicated—*i. e.,* that complainants do not show that they have a lien upon the goods now in possession of Benjamin Newman, can be raised by the administratrix of the deceased debtor, I will pass upon its merits. The present case, I think, is distinguishable from *Muller* v. *Hubschman, supra.* In that case Vice-Chancellor Stevens held that before a creditor can attack a sale made in violation of the Bulk Sales act, chapter 280 of the laws of 1915, he must have his debt fastened on the property, and that a general creditor prior to obtaining by judgment, execution or otherwise, a lien upon the property, cannot proceed by bill in this court. In that case the original debtor was living and there was nothing in the way of a proceeding at law against him, the obtaining of a judgment and execution thereon. He held that the mere fact that the right of attack under the Bulk Sales act was limited to ninety days was not, of itself, a ground for a different rule. The contention is made by counsel that Vice-Chancellor Stevens indicated that it was a prerequisite that the creditor should have a judgment and based that contention upon the language of the vice-chancellor (at *p. 32* of *84 N. J.*

*Eq.*). The vice-chancellor did not so hold. At *p. 31* he quoted the language of the court in *Graham Button Co.* v. *Spielmann, 50 N. J. Eq. 123,* which is to the effect that a creditor must have his debt fastened on the debtor's property by law, judicial process, or some other way—quite a different proposition. I am forced to concede that this is the rule. (*Haston* v. *Castner, 31 N. J. Eq. 697*), but the tendency of the courts is to limit the application of the rule where the interests of justice require, and this tendency is evidenced by adjudications that certain conditions may fasten the debt on the debtor's property other than judicial process. The injustice occasioned by a strict adherence to the rule is one not easily remedied by legislation, so the courts are left to work out a solution by themselves. In *Currie* v. *Knight, 34 N. J. Eq. 485,* Vice-Chancellor Van Fleet held that the direction of the statute that the assets of an insolvent estate should be distributed among creditors of the decedent gives them a lien on such assets and entitles them to a standing to contest the validity of a chattel mortgage not filed according to the statute. And he based his conclusion upon *Haston* v. *Castner.* He reiterated what he said in *Currie* v. *Knight,* in *Graham Button Co.* v. *Spielmann, 50 N. J. Eq. 120; affirmed, 50 N. J. Eq. 796;* in *Brockhurst* v. *Cox, 71 N. J. Eq. 703; affirmed, 72 N. J. Eq. 950.* Vice-Chancellor Garrison held that a receiver of a partnership might, in the right of general creditors, attack a chattel mortgage. He based his conclusion upon the fact that, creditors being prevented from proceeding to judgment and execution, the receiver appointed by the court must, of necessity, represent them and their debts must, of necessity, be considered as a charge upon the assets so as to give the receiver in their right a standing. The Orphans Court act (*3 Comp. Stat. p. 3832 § 65 et seq.*) contains a comprehensive scheme for the payment of debts of a decedent. Suits are forbidden against the representative without leave of court for a period of six months. If leave of court be given for the institution of a suit execution cannot issue upon the judgment within the six months so that, by operation of statute, the creditor is prevented from acquiring any lien upon the goods of de-

cedent for a period of six months. The statute provides for the barring of creditors, presentation of their claims, passage upon the claims by the representative and the payment of debts. It seems to me to be clear that by force of this statute the debts of the decedent are so fastened upon the assets of the estate, even if the estate be not insolvent, as that the creditors have a standing to contest a sale in fraud of creditors under the provisions of the Bulk Sales act. Any other holding would result in denying relief in any case under the act to a creditor of a decedent. The goods, &c., alleged to have been sold in violation of the Bulk Sales act are considered, for the purpose of the suit, still a part of decedent's estate.

The argument that this court would be obliged to determine the amount of the debt due from the estate, properly determinable in a court of law, is not persuasive. That argument was answered by the court of errors and appeals in *Haston* v. *Castner, 31 N. J. Eq.* (at *p. 701*). The fact that neither the existence nor the amount of a debt has been conclusively established at law does not prevent this court acting in aid of attachment. I assume from the charges in the bill that the claim of the creditor has been properly presented to the administratrix. No point is made that it does not so appear. It is charged in the bill that the administratrix has admitted the correctness of the bill. If necessary there is no reason whatever why the cause in this court should not be held pending an adjudication as to the amount of the claim by the probate or law courts.

The motion to strike the bill will be denied.

I have considered all of the points argued before me.