The bill is by a creditor to set aside a fraudulent conveyance and sets up this state of facts: Lillian A. Keppers died intestate and insolvent, owing the complainant $6,804.42. Six days before her death she conveyed her only possession, two tracts of land in Newark, to Lincoln Park, Incorporated, a corporation formed by her children, with intent to cheat and defraud the complainant. There is no administrator. The complainant is about to apply for one. There is danger of the fraudulent grantee making away with the property.
The ground for the motion to dismiss is, that the complainant's debt has not been established at law. The conveyance is void as to creditors under section 12 of the statute of frauds (Comp.Stat. p. 2618); but a common creditor is not in position to attack his debtor's fraudulent conveyance until his debt is first reduced to judgment. United Stores Realty Corp. v. Asea,102 N.J. Eq. 600; Gross v. Pennsylvania Mortgage and Loan Co.,104 N.J. Eq. 439. Before the Fraudulent Conveyance act of 1919, the judgment had to be a lien on the property. Green v. Tantum,19 N.J. Eq. 105. The complainant has a lien by virtue of section 81 of the Orphans Court act (Comp. Stat. p. 3838) and in Haston
v. Castner, 31 N.J. Eq. 697, it is held that a creditor at large has standing to avoid his deceased debtor's fraudulent conveyance upon his claim being admitted by the administrator; that, that is a legal ascertainment of the amount of the *Page 461 
lien and as conclusive as though it had been determined by a court of law. Why, in the enforcement of this statutory lien a court of equity cannot determine the amount, as it does in the foreclosure of a mortgage lien or a municipal mechanic's lien or the like and must wait until the administrator admits the debt or it is established against him, is not apparent. Under our procedure, it is required that a creditor have a lien on the property to sustain a suit to enforce the lien, but, having a lien, why it should be necessary that the debt be first established at law or by some legal equivalent is not manifest. Such a condition precedent meets conflict in our practice in maintaining attachment creditor's suit to set aside fraudulent conveyances; there the amount of the debt remains undetermined.Bambridge v. Allen, 70 N.J. Eq. 355. However, in Rutherford
v. Alyea, 54 N.J. Eq. 411, the court of appeals reversed this court in dispensing with the allegation that the claim had been presented to the administrator, holding that it was essential in order to bring the case within the rule laid down in Haston v.Castner, and we are not at liberty to depart from this well-established course.
The bill is not, however, to be dismissed on that account. Here, there is no personal representative against whom the debt may be adjudged at law or by whom it may be legally determined and admitted. The complainant avers that he is about to apply for an administrator. Until he can do that and then present his claim to the administrator and thereafter supplement his bill setting up a compliance with the rule of Haston v. Castner, the bill should be retained. Unless it is, the complainant is in danger of losing his lien by sale by the fraudulent grantee to a bonafide purchaser for value. In Incandescent Light and Stove Co.
v. Stevenson, 83 N.J. Eq. 482, a bill was sustained against heirs to restrain them from selling lands pending proceedings in the orphans court for a sale of the lands for the payment of debts. The bill in its present form will be retained to protect the creditor. Buchanan v. Buchanan, 75 N.J. Eq. 274; Jaburg
v. Kirschenbaum, 90 N.J. Eq. 510. *Page 462 
Unless the complainant moves diligently for the appointment of an administrator, a motion to dismiss will be entertained for want of prosecution.
Motion denied.