The bill is filed by complainant as administratrix adprosequendum of the estate of Thomas Martin, deceased, and is framed on the theory of a creditor's bill to reach property conveyed by defendant with intent to hinder or defraud creditors. *Page 539 
It alleges that on December 1st, 1928, the defendant husband struck and killed the said Thomas Martin; that complainant subsequently sued defendant and recovered judgment against him; that between the date of the killing and the recovery of the judgment the defendant husband conveyed certain real estate to the defendant wife, without adequate consideration and with intent to defraud complainant; that such conveyance left the defendant husband insolvent.
The defendants move to dismiss the bill, specifying a number of grounds, of which there need be mentioned only that complainant has no right to file or maintain the bill, and that the bill sets forth no equitable cause of action.
It seems clear that the motion must prevail.
The complainant sues as administratrix ad prosequendum of Thomas Martin, deceased, and the bill alleges her appointment as such administratrix ad prosequendum on June 5th, 1929, but fails to allege by what court such appointment was made, nor the particular cause of action for which such special administrative power was conferred.
Assuming that letters of limited administration might be granted by a competent court for the special purpose of instituting and prosecuting the present action, it is necessary that complainant allege (and prove) that she has been so appointed for this particular cause of action. This the bill fails to do, and it therefore fails to show that complainant
has a right of action against defendants. Letters of administration ad prosequendum are limited to the litigation of particular specified causes or matters in dispute. Cf. DickinsonCh. Prec. 57 n.
Presumably the limited administration was granted by the surrogate, under the provisions of P.L. 1917 ch. 181 p. 533, as amended by P.L. 1922 ch. 30 p. 59, for the purpose of prosecuting an action under the Death act (2 Comp. Stat. p.1907), as amended by P.L. 1917 ch. 180 p. 531. Such appointment, however, would not authorize complainant to institute or maintain the present suit. It would be limited to the institution of a suit to obtain judgment on the right *Page 540 
of action granted by the Death act, and the prosecution of that suit to judgment.
The bill alleges that complainant did institute suit and recover judgment against defendants in the supreme court. Presumably (although the bill does not so allege) such suit and judgment were for damages under the Death act.
By the express provision of section 2 of the Death act, and the supplement of 1917 (supra), the suit is to be brought by and in the name of the personal representative of the decedent, and the recovery is for the exclusive benefit of the widow (or husband) and next of kin of decedent, and further, where the suit is brought by an administrator ad prosequendum, no payment or satisfaction can be made to or by the latter, but only by a general administrator.
The situation would seem to be that the judgment or the right to collect the judgment is a trust in the hands of the general administrator, and that a suit to set aside a conveyance in fraud of such judgment should be brought by such general administrator. The cestuis que trustent would of course be proper, if not necessary, parties.
If no general administrator has been appointed, or if he declined to act, doubtless the bill might be filed by the widow and next of kin, or some of them, as the persons actually beneficially interested.
By the Fraudulent Conveyance act of 1919, a creditor whose claim has matured may have a conveyance which is fraudulent as to him, set aside by suit in chancery — at least if such creditor's claim has been established by judgment. P.L. 1919 p. 500; UnitedStores Realty Corp. v. Asea, 102 N.J. Eq. 600; Gross v.Pennsylvania Mortgage and Loan Co., 104 N.J. Eq. 439.
By section one of that statute, a creditor is a person having"any" claim. That language is assuredly broad enough to include within the category of persons who may sue to have a fraudulent conveyance set aside, either the general administrator, as trustee, having the right to collect the judgment, or the widow and next of kin, who are the persons having the actual beneficial right or claim. *Page 541 
By section three of that statute, a conveyance is fraudulent as to creditors, without regard to actual intent, if it renders the grantor insolvent and is made without fair consideration. These facts are alleged in the present bill. Defendants' contention that the bill must allege facts showing actual fraudulent intent is therefore without merit.
By section one of the statute a "creditor is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." It seems clear under this language that by the intent of the legislature in section four of the act, the widow and children of the decedent are "creditors" as to whom a conveyance is or may be fraudulent; and that a conveyance, if without fair consideration and rendering grantor insolvent, is fraudulent as to them if made after the death or injury resulting in death, notwithstanding the claim under the Death act has not then been reduced to judgment or even put in suit.
The bill must be dismissed for the reason first stated herein. It may also be noted that it would in any event have to be stricken out, because it is not signed by counsel. There are also objections as to form, which need not here be specified; they were not specifically the subject of the motion. *Page 542