The bill is filed by a general creditor of defendant Walter Reifer and seeks to restrain a sale now advertised under a chattel mortgage executed by Walter Reifer and his wife to defendants Rafoll Wirzes and Anna Wirzes, and to set aside the mortgage as in fraud of the mortgagor's creditors. Hearing has been had, at the return of an order to show cause, on the bill and annexed affidavits and answering affidavits filed by defendants. A motion to dismiss the bill for want of jurisdiction also has been made by defendants.
The facts presented by the bill and its accompanying affidavits discloses a case in which it seems almost impossible *Page 26 
to doubt that the chattel mortgage is fraudulent as to the mortgagor's creditors. While the affidavits filed in behalf of defendants deny that charge, there is yet disclosed forceful circumstances making it reasonably doubtful whether the mortgage is valid. To this there must be added the circumstance that the defensive affidavits admit that defendant mortgagors owe to complainants the amount for which an action at law has been brought by complainants and is now pending, and it is also apparent that neither the mortgagors nor mortgagees can be made to respond to any losses suffered by complainants should the sale be allowed to proceed.
The situation thus presented discloses an indebtedness due to complainants the amount of which is admitted, and that irreparable injury will be suffered by complainants by the loss of a remedy should the sale continue, and that no real injury will be sustained by defendants should the sale be restrained; whereas the only obstacle in the way of relief to complainants is to be found in the circumstance that they are not yet judgment creditors and have no lien on the assets which are about to be dissipated. In these circumstances I think the sale should be restrained and the bill retained until judgment at law may be entered, at which time a supplemental bill may be filed setting up the judgment.
This course in no way may be considered a recognition of the right of a general creditor to maintain a creditor's bill to set aside a fraudulent conveyance. The fundamental equity in granting restraint is to be found in the necessity to conserve assets in a situation in which their loss and consequent injury to others is threatened and the validity and amount of the creditor's claim is admitted; this latter circumstance removing the necessity of an adjudication in a law court ascertaining the amount, and hence in no way invading that jurisdiction. This course may be said to be in harmony with the exercise of like remedies, in analogous situations, in various reported adjudications in this state based upon like necessities. In Axt v. 61 Lincoln Park, Inc.,108 N.J. Eq. 459, Vice-Chancellor Backes has briefly referred to such cases; citing Buchanan v. Buchanan, 75 N.J. *Page 27 Eq. 274, and Jaburg v. Kirschenbaum, 90 N.J. Eq. 510. The equitable power of this court to preserve the status quo and the corpus of the subject of controversy until an exclusive jurisdiction of a law court may be exercised, is given recognition in a great variety of cases and circumstances.
Restraint will be awarded until complainants may have a reasonable time to enter their judgment in the action at law now pending, and then file a supplemental bill.