This is a bill brought by complainants to set aside an alleged fraudulent conveyance of lands in the township of Brick, in the county of Ocean, made by the defendants Margaret H. Broomall and John M. Broomall to the defendant Ethel E. Armstrong.
Complainants are the executors of Kingsley Montgomery and their suit is predicated upon a foreign judgment entered against Margaret H. Broomall September 6th, 1935, in the Court of Common Pleas for the county of Delaware, State of Pennsylvania, for $1,644.40 and costs of suit.
The effect of a judgment recovered in one state when certified to another state, under the act of Congress and article 4, section 1 of the United States Constitution is to furnish indisputable proof of the amount due, where both the parties were properly before the court, but does not authorize a judge or chancellor to proceed upon such judgment until recovery shall have been had thereon in the court of the state to which the same has been transferred.
Such judgment is a debt of record, but it does not carry with it into another state the efficacy of a judgment upon property or upon persons to be enforced by execution; to *Page 556 
give it that force it must be made a judgment there and can only be executed in the latter as its laws permit. Bennett v.Bennett (Court of Errors and Appeals), 63 N.J. Eq. 306;49 Atl. Rep. 501. Such judgment of a court of a sister state has merely the force of evidence in this state and cannot be enforced here or affect property in this state without a new suit in our courts on the judgment. Trust Company of New Jersey v.Spalding, 125 N.J. Eq. 66; 4 Atl. Rep. 2d 401.
Under our uniform law, R.S. 25:2-7, a creditor is "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." Debt "includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."
R.S. 25:2-15 provides where a conveyance is fraudulent as to a creditor he may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately from such a purchaser:
"a. Disregard the conveyance and attach or levy execution upon the property conveyed or such obligation; or
"b. When such creditor's claim is established according tolaw or is a lien upon the property converted by such conveyance or upon such obligation, have the conveyance set aside or the obligation annulled to the extent necessary to satisfy his claim." (Italics mine.)
In the instant case the foreign judgment which complainants hold has not been established in this state according to law, nor is it a lien upon the property conveyed.
Complainants rely upon Fisovitz v. Cordosco ConstructionCo., 102 N.J. Eq. 354; 140 Atl. Rep. 573, in which it was held "complainant's debt is not a statutory lien on the land, and no longer is it necessary that it should be. Under the former practice it was deemed essential, but the Fraudulent Conveyance act of 1919 (Cum. Supp. Comp. Stat. p. 647) permits a common creditor, and even one whose debt has not matured, to file a bill attacking fraudulent conveyances of his debtor. Gross v.Pennsylvania Mortgage Co., 101 N.J. Eq. 51."
In Gross v. Pennsylvania Mortgage and Loan Co., a motion to strike the bill of complaint was denied. The Vice-Chancellor *Page 557 
declared himself unable to discern in the act of 1919 (P.L. 1919p. 500) any substantial change in the law as theretofore recognized and administered in this court in aid of creditors as against acts of debtors designed to hinder, delay or defraud them, except by the removal of the rule recognized in this jurisdiction prior to the enactment of that act which limited such remedies to judgments and attaching creditors. "Section 10 of the act," said the Vice-Chancellor, "specifically extends the remedy there defined to creditors whose claims are not matured, and an earlier section of the act defines the word `creditors,' as used in the act, as persons having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."
Upon final hearing the bill of complaint was dismissed, upon the ground that the statute, so far as it attempted to confer jurisdiction on this court to hear and determine actions for debts and for damages arising out of breach of contract, was unconstitutional. The court based its action on the construction of the 1919 act as expressed in United Stores Realty Corp. v.Asea, 102 N.J. Eq. 600; 142 Atl. Rep. 38. On appeal the Court of Errors and Appeals affirmed the order dismissing the bill of complaint (Gross v. Pennsylvania Mortgage and Loan Co.,104 N.J. Eq. 439; 146 Atl. Rep. 328) and held: "In this case, the complainant has endeavored, under the 1919 statute, to combine in one suit, an action at law to establish his indebtedness and recover a judgment, and, if he be successful in that, one in equity to set aside a conveyance of land, made by the debtors, on the ground that it was made in fraud of his rights as a creditor. * * * Without a judgment at law or the establishment of a lien, equity has no jurisdiction to entertain the bill of a creditor, filed to set aside a fraudulent conveyance of the debtor's land, or to enable the creditor to reach the mere equitable estate of the debtor. The establishment of the debt by the law court is the necessary foundation of the equitable jurisdiction.
"We conclude, therefore, that the 1919 statute is unconstitutional, to the extent that it attempts to give the Court of Chancery authority to hear and determine actions for debt and for damages arising out of a breach of contract, which *Page 558 
power is solely within the jurisdiction of the law courts." See, also, F.W. Horstmann Co. v. Rothfuss (Court of Errors andAppeals), 128 N.J. Eq. 168; 15 Atl. Rep. 2d 623.
The foreign judgment relied upon in the instant case is not a judgment at law in this state nor a lien upon the property in this state. To give it that force it must be made a judgment here.
The bill of complaint will be dismissed.