In 1936 complainant, State of Ohio, commenced suit in the New York Supreme Court to recover a judgment against Ella R. Clarke, one of the defendants herein, and on May 29th, 1940, judgment was entered in favor of complainant and against her for $8,497.25, from which she appealed. While the appeal was pending, complainant filed its bill in this cause to set aside as fraudulent as against complainant, the transfer by the judgment debtor of certain stocks and securities owned by her, to her husband John T. Clarke as liquidating trustee of Clarke Land 
Loan Co., a Nebraska corporation, and thereafter transferred by her husband to Clarke Land Loan Co., a Delaware corporation. The defendants named in the bill beside Ella R. Clarke, are the aforesaid Nebraska and Delaware corporations and John T. Clarke individually and as liquidating trustee of the Nebraska corporation. After the instant cause was at issue the Appellate Division of the New York Supreme Court unanimously affirmed complainant's judgment.
The bill herein alleged that Ella R. Clarke is a non-resident of this state and prayed that a writ of sequestration issue against her property in this jurisdiction. On the date of filing the bill an order was entered that such writ issue to a master of this court to take possession of sufficient of such property to answer complainant's demand, with interest and costs, and a writ issued accordingly, pursuant to which the sequestrator the following day levied upon and seized as the property of Ella R. Clarke, stocks and securities found in a safe deposit box in a Jersey City bank. After notice of the execution of the writ, the defendants by petition alleging that neither Ella R. Clarke nor John T. Clarke are residents of this state and that the corporate defendants are foreign corporations not licensed to do business in this state, prayed that the defendants be permitted to enter special appearance in this cause, and an order was entered that the defendants "have leave to file a special appearance in this cause so that a judgment if entered, is entered in rem and notin personam." Subsequently, on defendants' further petition, the property sequestered was released on a bond in $12,000 furnished by *Page 346 
defendants, conditioned for payment and satisfaction of any order or decree that might be made in this cause. The defendants John T. Clarke individually and as liquidating trustee of the Nebraska corporation, and the Nebraska corporation, answered complainant's bill not denying any of the charges made therein but merely alleging that they hold no stocks or securities belonging to Ella R. Clarke. The defendants Ella R. Clarke and Clarke Land Loan Co., a Delaware corporation, by their answer deny that the transfer of stocks and securities by Ella R. Clarke was without fair consideration or was made to hinder, delay and defraud complainant. All defendants further answer that complainant's bill is based on a foreign judgment which has not been reduced to a judgment at law in this state and is not a lien on any property in this state of any of the defendants herein.
No defendant appeared to testify at the hearing of this cause, and it is sufficient for the purpose of this decision to say that the proofs presented on behalf of the complainant satisfy me that the defendant Ella R. Clarke, with the knowledge and connivance of the other defendants, fraudulently transferred or attempted to transfer to her husband John T. Clarke, the seized stocks and securities then owned by her, at a time she was indebted to complainant, for the purpose of defeating complainant's claim on which the New York judgment was subsequently recovered against her, and that such transfer was without consideration and had the effect of rendering Ella R. Clarke insolvent.
The particular relief sought by complainant's bill is to have the transfer of the seized stocks declared fraudulent and void as to it and to have so much of such securities as may be necessary, sold under the direction of this court to satisfy complainant's judgment and costs of this suit. Complainant's suit is brought under our Fraudulent Conveyance act, R.S. 25:2-1 et seq., and its claim to such relief is based on section 15 of the act which provides:
"Where a conveyance * * * is fraudulent as to a creditor, such creditor, when his claim has matured, may, * * * When such creditor's claim is established according to law or is a lien upon the property covered by such conveyance * * * have the conveyance set aside * * * to the extent necessary to satisfy his claim." *Page 347 
Our Court of Errors and Appeals, in Gross v. PennsylvaniaMortgage and Loan Co., 104 N.J. Eq. 439, said that "Without a judgment at law or the establishment of a lien, equity has no jurisdiction to entertain the bill of a creditor filed to set aside a fraudulent conveyance of the debtor's land, or to enable the creditor to reach the mere equitable estate of the debtor. The establishment of the debt by the law court is the necessary foundation of the equitable jurisdiction." And in a suit brought in this court predicated on a foreign judgment recovered by a complainant creditor, to set aside an alleged fraudulent conveyance of land in this state made by his judgment debtor, this court held that because the foreign judgment had not been established as a judgment in this state and was not a lien on the property conveyed, the complainant creditor's claim had not been established according to law within the meaning of R.S. 25:2-15
and therefore the suit could not be maintained. Montgomery v.Armstrong, 128 N.J. Eq. 554.
 R.S. 25:2-15 provides that where a conveyance is fraudulent as to a creditor, such creditor when his claim has matured and is established according to law, may have the conveyance set aside to the extent necessary to satisfy his claim. In United StoresRealty Corp. v. Asea, 102 N.J. Eq. 600, our Court of Errors and Appeals said that such a provision embraces, by implication, a creditor's claim the validity of which has been established by judgment in a court of law, although such judgment is not imposed as a lien on the debtor's property, and held that a creditor who had recovered a judgment in a District Court in this state was entitled to maintain a suit in our Court of Chancery to set aside a transfer of real estate by the judgment creditor as fraudulent, although the creditor had not docketed his judgment in the Common Pleas Court to obtain a lien on the property conveyed. It would seem that the complainant here whose claim against Ella R. Clarke has been determined by a judgment rendered in a foreign court to be valid and matured, has a standing under our statute to maintain this suit to have the fraudulent transfer by its judgment debtor set aside, notwithstanding that complainant has no lien on the transferred *Page 348 
property (Harder v. Harder, 113 N.J. Eq. 540); but I feel I must follow the conclusion reached by this court in Montgomery
v. Armstrong, supra.
But complainant contends that even though it does not hold a judgment which is a lien on property in this state, it acquired a lien on the securities in question under its writ of sequestration and thus comes within that provision of R.S.25:2-15 which gives to a creditor whose claim is a lien on property fraudulently transferred, the right to have such transfer set aside. I cannot agree with that contention because I consider that the provision of R.S. 25:2-15 referred to contemplates a lien which exists in favor of a creditor prior to and at the time of commencement of this suit, and not a quasi
lien which arises out of collateral proceedings instituted upon and after his bill filed. Complainant's writ of sequestration issued pursuant to R.S. 2:29-88 et seq. upon filing its bill. Under it the master took into his possession certain property to hold subject to the orders and decrees of this court (section89) and thus the seized property was merely held in the court's custody to await the outcome of the suit. The writ was effective to secure the amount which might be found due from defendant Ella R. Clarke to complainant (section 92) and it was binding on the property sequestered only from the time of its execution (section 95) which, in this case, was the day after the bill was filed. The defendants then appeared specially and the property seized was released upon their giving bond in an amount fixed by the court, conditioned to pay and satisfy any order or decree the court might make (section 99), so that thereafter there was no property taken under the writ on which complainant has or could have a lien.
Although I must find that complainant is not entitled to have the fraudulent transfer set aside because it does not hold a judgment against Ella R. Clarke which is a lien on the transferred property, I would retain the bill of complaint and grant complainant a reasonable time within which to obtain a judgment against her in this state and thereafter to file a supplemental bill and apply thereunder for the full relief to which it would then be entitled (Jaburg v. Kirschenbaum, *Page 349 90 N.J. Eq. 510; Axt v. 61 Lincoln Park, Inc., 108 N.J. Eq. 459; Levitsky v. Wirzes, 109 N.J. Eq. 25; Harder v. Harder,supra), but since complainant concedes in its argument before me that such a judgment cannot be recovered because all defendants are non-residents and service of process cannot be made on them, and that the defendants now have no property in this state subject to the legal remedy of attachment, such equitable protection would be valueless to complainant.
Complainant's bill must be dismissed. *Page 350