# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

JUNE TERM, 1909.

ELIAS BERLA, complainant-appellant,

*v.*

FLORENCE RICE STRAUSS et al., defendants-respondents.

[Argued June 18th, 1909.   Decided November 15th, 1909.]

In a suit to have a resulting trust declared in land received by defendant by devise, on the ground that part of the purchase-price was furnished by complainant and title taken in testator, the rights of the parties will not be determined on the theory that the land was originally owned by complainant and testator as tenants in common, and, as testator acquired title through purchase on a foreclosure sale, complainant could treat the purchase as a redemption, and have his rights as a co-tenant established, where the proofs were not taken on that theory.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *74 N. J. Eq. (4 Buch.) 678.*

*Mr. Chauncey G. Parker,* for the appellant.

*Mr. Louis Hood,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, by his bill in this case, seeks to have a resulting trust decreed in his favor in a tract of land held by the defendants under a devise from one Bernard Strauss, deceased. The ground upon which he bases his right to such relief is that Strauss, in his lifetime, purchased the tract of land in question with moneys which were, to some extent, furnished by the complainant, and took title in his own name for the joint benefit of the complainant and himself, by virtue of an understanding to that effect existing between them.

The learned vice-chancellor, before whom the hearing was had, reached the conclusion that the proofs in the case did not support the allegations in the bill, and advised a decree of dismissal. We think he was right in the conclusion which he reached, and that the decree should be affirmed.

Upon the argument had before us it was suggested to counsel, by a member of the court, that even if the complainant was not entitled to the relief sought by his bill, nevertheless, that, as the proofs in the case showed that the land in question had originally been owned by the complainant, Strauss and one Smith, as tenants in common, and that the title which Strauss acquired came to him through a purchase made by him at a foreclosure sale in a suit brought against these tenants in common, the complainant might be entitled to treat the purchase by Strauss as a redemption of the mortgage debt, although he contributed nothing to the purchase-money, and to have a decree establishing his rights as such tenant in common, upon reimbursing the defendant for his proportionate share of the purchase-money advanced by Strauss. Following this suggestion briefs were asked of counsel upon this point by the court, and they were submitted. A careful examination of the proofs in the case, however, satisfies us that they were not taken with the view of sup-

porting or defeating the suggested right of the complainant, and that injustice might easily be done to the one side or the other by attempting to settle that right upon the proofs submitted. For this reason we decline to pass upon the matter in this litigation, leaving it to the complainant to present it in an independent suit, if he deems it advisable to do so.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON—14.

*For reversal*—None.