JOSEPH GROSS, complainant-appellant,

*v.*

PENNSYLVANIA MORTGAGE AND LOAN COMPANY et al., defendants-respondents.

[Argued February 14th, 1929. Decided May 20th, 1929.]

*Mr. Philip Wendkos (Joseph H. Carr,* of counsel.), for the appellant.

*Mr. Lewis Starr* and *Mr. Joseph Beck Tyler,* for the respondents.

The opinion of the court was delivered by

HETFIELD, J.

The bill in this case was filed under the act of April 15th, 1919 (*P. L. 500 ch. 213*), entitled, "An act concerning fraudulent conveyances and to make uniform the law relating thereto." The complainant alleges that David Cohen and Pennsylvania Mortgage and Loan Company, two of the defendants, are indebted to him in excess of $90,000, and also other sums on contingent liabilities, arising out of numerous transactions, and that the assets of the said two defendants consisted principally of mortgages and real estate in New Jersey, which they had caused to be conveyed and assigned, without consideration, to several persons, named in the bill as defendants, who were acting as straw men or dummies, for the purpose of defrauding creditors. The bill prays, among other things, that certain conveyances so made be declared void and set aside as fraudulent, and that a reeciver be appointed to take charge of the property. The complainant was a general creditor, his indebtedness not having been reduced to judgment.

The defendants by their answer, denied the existence of any indebtedness, and by way of counter-claim, alleged that the complainant was indebted to them for moneys collected on their behalf, and not accounted for.

When the case came on for hearing, the vice-chancellor, on motion of defendant's counsel, and before any evidence was

submitted, dismissed the bill, upon the ground that the statute, so far as it attempted to confer, on the court of equity, jurisdiction to hear and determine actions for debts and for damages arising out of breach of contract, was unconstitutional, and based his action on the construction of the 1919 act, as expressed in *United Stores Realty Corp.* v. *Asea, 102 N. J. Eq. 600,* where the complainant, having recovered judgment in the district court, and caused execution to be issued thereon, which was returned unsatisfied, filed a creditor's bill in the court of chancery, to set aside an alleged fraudulent conveyance, under the ninth section of the 1919 act, which is being considered in the present case, and provides:

"Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser, (a) have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (b) disregard the conveyance and attach. or levy execution upon the property conveyed."

A decree was allowed, setting aside the conveyance, and the defendants appealed to this court, contending that because a judgment entered in the district court is not a lien upon land, unless docketed in the court of common pleas, the court of chancery was without jurisdiction until such a lien existed. This court held, that the said statutory provision embraced, by implication, claims of creditors the validity and amounts of which had been established by the judgments of courts of law, but which had not been impressed as liens upon lands of their respective debtors, and concluded, to that extent, the power conferred upon the court of chancery, by said act, did not infringe upon the jurisdiction of our law courts. The present chief-justice, speaking for this court, stated: "It has been suggested that the section of the statute which has been referred to violates our constitution because it impairs the jurisdiction of the courts of law created by that instrument by conferring upon the court of chancery power to hear and determine actions for debt and for damages arising out of a breach of contract, that power being necessary for the

ascertainment of the validity of the creditor's claim and for determining the actual amount due on such claim, if it be found to be valid. If this question was involved in the determination of the present case, we would be inclined to consider the suggestion a meritorious one to the extent indicated." It may be said that this statement was *obiter*, it not being essential to the disposition of that case. However, it was an expression of opinion on the statute then under consideration, and we think a sound doctrine, and apply it to the present case.

In this case, the complainant has endeavored, under the 1919 statute, to combine in one suit, an action at law to establish his indebtedness and recover a judgment, and, if he be successful in that, one in equity to set aside a conveyance of land, made by the debtors, on the ground that it was made in fraud of his rights as a creditor.

The court of chancery is the only tribunal vested with power to set aside a conveyance made in fraud of creditors, but it has no jurisdiction to determine actions for debt and for damages arising out of a breach of contract. Without a judgment at law or the establishment of a lien, equity has no jurisdiction to entertain the bill of a creditor, filed to set aside a fraudulent conveyance of the debtor's land, or to enable the creditor to reach the mere equitable estate of the debtor. The establishment of the debt by the law court is the necessary foundation of the equitable jurisdiction.

We conclude, therefore, that the 1919 statute is unconstitutional, to the extent that it attempts to give the court of chancery authority to hear and determine actions for debt and for damages arising out of a breach of contract, which power is solely within the jurisdiction of the law courts.

The order appealed from will be affirmed, with costs.

*For affirmance*—The Chief-Justice, Parker, Kalisch, Black, Campbell, Lloyd, Van Buskirk, Kays, Hetfield, Dear, JJ. 10.

*For reversal*—None.