This is a motion to strike the bill of complaint, the allegations of which are that on or about July 1st, 1929, complainant was induced to subscribe for shares of the capital stock of the defendant Pyramid Bond and Mortgage Corporation by fraudulent and deceitful representations of a salesman of the corporation. Relying upon said representations, the complaint alleges that complainant paid the sum of $2,200 and he now rescinds and demands return of his money. Other paragraphs of the bill set forth that other suits of a similar nature have been brought and that the Pyramid Bond and Mortgage Corporation in anticipation of such suits conveyed its assets to subsidiary corporations.
Where the complainant, as here, has rescinded a purchase of stock and seeks a decree solely for the repayment of the *Page 377 
money paid because of the fraudulent and deceitful representations, the cause is one in which a recovery may be had in an action at law. Crater v. Binninger, 33 N.J. Law 513;Smith v. Duffy, 57 N.J. Law 679. Inherently, equity has jurisdiction in all cases of fraud. Eggers v. Anderson,63 N.J. Eq. 264. But as was said by Vice-Chancellor Backes inCommercial Casualty Insurance Co. v. Southern Surety Co.,100 N.J. Eq. 92 (at p. 96), "its doors have not been as freely open to all manner of fraud since the law courts have taken upon themselves to grant relief in some cases of fraud. When the primary right is legal, as it is here, and the jurisdiction of the law courts is concurrent, and if the remedy at law is adequate, certain and complete, equity remains passive. Equity remains inactive only in that class of fraud that are recognized and remediable at law." The vice-chancellor assumed jurisdiction in the case cited because it involved equitable fraud as distinguished from legal fraud.
Where, as here, no remedy under a bill in equity is sought or is proper other than the return of money paid or damages on the purchase of stock or other personal property, and the payment of the money was induced by fraud or false representations which are actionable at law, and the assessment of damages may be made by a jury as well as by a court of equity, the jurisdiction in such cases should not be exercised if the objections to the jurisdiction are taken in time. Krueger v. Armitage, 58 N.J. Eq. 357.
The fact that the complainant seeks to have certain alleged fraudulent conveyances set aside does not justify the retention of the bill. That relief is ancillary to the primary relief sought by the bill, namely, the rescission of the contract and the repayment of the money. Again, the complainant having already rescinded the contract according to the allegations of his complaint, he has converted himself into the position of a creditor, and cannot maintain a suit to set aside the alleged fraudulent conveyances until he acquires a lien on the defendant's assets by judgment at law. Gross v. PennsylvaniaMortgage and Loan Co., 104 N.J. Eq. 439.
Motion to strike bill of complaint is granted. *Page 378