THE F. W. HORSTMANN COMPANY, respondent,

*v.*

HELEN K. ROTHFUSS and HERBERT H. ROTHFUSS, appellants.

[Argued May 28th, 1940.   Decided October 10th, 1940.]

*Mr. Harold Simandl (Mr. Harry Steiner,* on the brief). for the appellants.

*Mr. Joseph J. Schotland,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The appellant Helen K. Rothfuss was for over nine years employed by the respondent company as bookkeeper and office clerk. Allegedly for the convenience of the company, one share of stock stood in her name, and she held the office of secretary and treasurer of the company. In October, 1938, her connection with the company ceased. The present bill was filed in January, 1939. It charges against her, fraudulent abstraction of company funds, fraudulent use of the company's checks to pay her bills or those of her husband, who is a party to the suit; and falsification of the accounts to the detriment of the employer. Her husband is charged as a party to, or cognizant of, the alleged frauds. After these statements, which are to some extent by way of inducement, the bill goes on to allege that at the time of leaving her employment Mrs. Rothfuss owned certain land in Essex county which, in December, 1938, was conveyed through her parents to her husband for nominal consideration and in fraud of complainant as a creditor. The prayers of the bill were for (1) discovery and accounting; (2) decree in favor of complainant for the amount found to be due; (3) discovery of rents and profits of the land; (4) voiding of the alleged fraudulent conveyance; (5) *ad interim* injunction against sale or encumbrance of the land; and (6) sale thereof by decree of the court, and appropriation of the proceeds to complainant's claim. Three immaterial prayers are here omitted.

It will be observed that the attack on the conveyances as fraudulent does not rest on any judgment or other lien on the lands in favor of the complainant below; hence that attack lacks legal support. The "Uniform Fraudulent Conveyance act" of 1919 (*P. L. p. 500*) undertook to authorize

a direct attack without the presence of a lien, but was declared by this court unconstitutional in that regard. *Gross* v. *Pennsylvania Mortgage and Loan Co., 104 N. J. Eq. 439; 146 Atl. Rep. 328.* So the requirement of a lien as a condition precedent to a bill in equity stands as declared by Chief-Justice Beasley in the leading case of *Haston* v. *Castner, 31 N. J. Eq. 697,* and numerous other decisions. So far, therefore, as the bill prayed nullification of the deeds, it was ill founded in law. And indeed, the Court of Chancery did not undertake to afford any such relief, but made a decree which merely declares that Mrs. Rothfuss, and also her husband, are indebted to the company in the sum of $1,663.40 with interest, making a total of $2,162.42, directs them to pay that sum, with costs to be taxed, and that in default thereof, that execution issue.

There is little dispute as to the facts, which are largely stipulated. The decree does not adjudge that there was fraud; nor is the word used in the unreported memorandum of the vice-chancellor. The corporation was a small one; Mrs. Rothfuss was a trusted employe; there was a practice, known to and understood by all concerned, that as Mrs. Rothfuss had no bank account of her own, she could use checks of the company in payment of her personal obligations, reimbursing the company treasury either at the time or later on. The same practice prevailed, as the vice-chancellor found, as regarded personal bills of the Horstmanns, father and son, who were the principal owners of the company, and the plant foreman. As the opinion states: "there was no secrecy at all about Mrs. Rothfuss' use of the corporation funds. The checks were always signed by one of the Horstmanns and usually showed on their face that they were drawn for her account, and the entries were properly made in the cash book. Furthermore, Mrs. Rothfuss willingly assisted the accountant in his study of the exchange account"—which was an account specially set up to show checks drawn for the use of any of the persons just mentioned. As we understand the matter, the items in this account merely stated the names of the payees of checks, without stating for whom they were drawn, whether Mrs.

Rothfuss or someone else; but as the vice-chancellor says: "she herself kept the books in such manner as to indicate to anyone going into them deeply that she was the debtor."

In view of the stipulated facts, the findings of fact by the court below, and the record itself, we are unable to discern a case for the consideration of a court of equity. The claim of fraudulent conveyance was discarded by the court below, and complainant does not appeal. There was no case for discovery in equity; the books were open, and showed the debt on their face; there was no case for accounting, as all the items of the complainant's claim were on the books, and stated by complainant itself in schedules attached to the bill. All other items of the prayer for relief are dependent on the above, and fall with them. Dismissal of the bill for lack of jurisdiction was in order: or the transfer of the cause to a court of law under the statute; in which event, either party would be entitled to a trial by jury. *Stein* v. *Elizabeth Trust Co., 126 N. J. Eq. 399.* The motion to dismiss was first made at the opening of the final hearing, and the vice-chancellor held that it was raised too late: but the case just cited is authority for the proposition that lack of jurisdiction may be raised at any time, and even in the appellate court.

As regards the husband of Mrs. Rothfuss, he was charged by the court below on the theory of having benefited by his wife's overdrafts, or whatever they may be called. If there is no equitable case against his wife, there is none against him; not to mention that on the evidence he is not in any event chargeable with all of the items.

The decree under review will be reversed, with direction to transfer the cause to a court of law for trial. Appellants are entitled to costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 13.