This suit is before the court on a motion to strike the bill. The bill, in substance, alleges that complainant was a creditor of one Ben Cohen, now deceased, and that one Irving Cohen is administrator of his estate. The bill further alleges that said Ben Cohen took out certain policies of life insurance with the defendant Metropolitan Life Insurance Co., and that the premiums on said policies were paid by the insured during his lifetime while he was insolvent and in fraud of complainant and other creditors. These policies were payable to the *Page 290 
defendant Sadie Cohen, the wife, and his children, Annette Cohen and Irving Cohen. The prayer of the bill is that all premiums paid by Ben Cohen for a period of six years prior to his death be turned over to the complainant in settlement of his claim.
The administrator of Ben Cohen was not made a party to the suit, nor is it alleged that complainant was a judgment creditor of Ben Cohen. It is because of these two asserted defects in the bill that the motion is made to strike.
The theory of the complainant is that his right to maintain the bill is determined by the Insurance act, R.S. 17:34-28 and29. The relevant provision is that "Subject to the statute of limitations, the amount of any premiums for the insurance paid in fraud of creditors, with interest thereon, shall, however, inure to their benefit from the proceeds of the policy."
Under the Fraudulent Conveyance act as limited and interpreted by the courts, it has been held that a suit to recover payments made in fraud of creditors, may be maintained only by a judgment creditor. It is obvious that if this requirement must be met, that the bill is defective since there is no allegation that complainant has produced a claim for judgment or even that it was admitted by the debtor, in this instance, the estate of the deceased insured. It will be noted that the court is asked to determine the amount of the claim against an estate in a suit in which the estate is not a party.
The Court of Errors and Appeals has definitely held that the provision of the Uniform Fraudulent Conveyance act is unconstitutional so far as it attempted to set aside the former requirement of the securing of a judgment before the institution of the suit to set aside a fraudulent conveyance. In Gross v.Pennsylvania Mortgage and Loan Co., 104 N.J. Eq. 439, the court says (at p. 444):
"The Court of Chancery is the only tribunal vested with power to set aside a conveyance made in fraud for creditors, but it has no jurisdiction to determine actions for debt and for damages arising out of a breach of contract. Without a judgment at law or the establishment of a lien, equity has no jurisdiction to entertain the bill of a creditor, filed to set aside a fraudulent conveyance of the debtor's land, or to *Page 291 
enable the creditor to reach the mere equitable estate of the debtor. The establishment of the debt by the law court is the necessary foundation of the equitable jurisdiction.
"We conclude, therefore, that the 1919 statute is unconstitutional, to the extent that it attempts to give the Court of Chancery authority to hear and determine actions for debt and for damages arising out of a breach of contract, which power is solely within the jurisdiction of the law courts."
This reasoning would equally apply to the provisions of the Insurance act, if the act be construed as contended by complainant, so as to give him the right to maintain his action without the determination of his claim against the debtor or his estate. If, however, the cited provision be construed merely as providing for the right as against the insurance policies without affecting the requirements as to enforcement, there is no conflict between the Fraudulent Conveyance act and the Insurance act. It will be noted that the provision in the Insurance act is merely that payments of premium fraudulently made shall inure to the benefit of creditors. I do not consider that the Insurance act has, in any way, altered the requirements as to reducing the claim to judgment. If it does, it is unconstitutional within the reasoning of Gross v. Pennsylvania Mortgage and Loan Co. As is stated in O'Banner v. Pendlebury, 107 N.J. Law 245, where two constructions can be given a statute, one rendering it unconstitutional, and the other constitutional, a construction will, if possible, be given to it which will make it in accordance with the constitution, the reason being that it must be presumed that the legislature did not intend any unconstitutional provisions in passing the statute.
The attention of the court has been called to the two cases ofBorg v. McCroskery, 120 N.J. Eq. 80, and Goren v. Loeb,124 N.J. Eq. 335, in which principles are laid down which are not in accord with those here expressed. I consider myself bound, however, to follow the principles set forth in the Court of Errors and Appeals' cases heretofore cited, and I shall, therefore, advise a decree striking the bill. *Page 292