This suit is before the court on a motion to strike the bill. Complainants foreclosed a mortgage on premises owned at the time by the defendants Norris who were not on the original bond, but who, it is claimed, had assumed payment thereof. On December 20th, 1939, the premises were sold by the sheriff for $100, leaving a deficiency of $6,000. A few days before the sheriff's sale, defendants Norris conveyed certain other premises owned by them to defendant Thomas W. Randall. These conveyances are now sought to be set aside as fraudulent against complainants on allegations that they were made for a nominal consideration. *Page 54 
Complainants have an action-at-law pending, but as yet undetermined, to secure a deficiency judgment for the $6,000 against the defendants Norris. By the letter of the Uniform Fraudulent Conveyance Act, complainants would have the right to maintain the suit on the allegations of the bill. However, the provision of the act dispensing with the requirement that the complainant shall first have a lien by judgment or otherwise has been held to be unconstitutional by the Court of Errors and Appeals. In F.W. Horstmann Co. v. Rothfuss, 128 N.J. Eq. 168,
the court says:
"It will be observed that the attack on the conveyances as fraudulent does not rest on any judgment or other lien on the lands in favor of the complainant below; hence that attack lacks legal support. The `Uniform Fraudulent Conveyance Act' of 1919 (P.L. p. 500), undertook to authorize a direct attack without the presence of a lien, but was declared by this court unconstitutional in that regard. Gross v. PennsylvaniaMortgage and Loan Co., 104 N.J. Eq. 439; 146 Atl. Rep. 328. So the requirements of a lien as a condition precedent to a bill in equity stands as declared by Chief-Justice Beasley in the leading case of Haston v. Castner, 31 N.J. Eq. 697, and numerous other decisions."
Complainants seek to avoid the effect of this ruling by the contention that the decree in the foreclosure suit found the amount due on the mortgage to be upwards of $6,000, and that this amount is res adjudicata, but, at best, all which was determined in the foreclosure decree was that the mortgaged premises were subject to payment of that amount. It could in nowise have fixed the personal liability of the Norrises who were not on the original bond. In fact, the personal liability of the Norrises is the very matter which is pending undetermined in the action-at-law. There is, accordingly, nothing to take the present suit out of the ruling in F.W. Horstmann Co. v. Rothfuss, and the bill must be stricken. *Page 55