"He that hath committed iniquity shall not have equity" is the embodiment of a broad, general principle displayed in the form of a familiar maxim. The complainants are the daughters and heirs-at-law of one John Carr, who died intestate in 1942. The defendant is the brother of the deceased.
On July 15th, 1921, Paul F. Williams conveyed to the defendant and to James Healey, a brother-in-law of John Carr, a parcel of land situate in the Township of Franklin, in the County of Somerset. On August 23d 1926, James Healey together with his wife conveyed his undivided half interest in the premises to the defendant. *Page 517 
The cause of action of the complainants is sought to be erected upon the following factual circumstances. In 1921 John Carr was separated from his wife and two children, and it is asserted that he in truth purchased the premises and caused the title ostensibly to be taken in the names of his brother and brother-in-law in order to resist and defeat the claims of his wife for separate maintenance for herself and the children of the marriage then in her custody. Indeed, it is declared that in furtherance of his deception he thereafter made affidavits in the marital cause in this court in which he denied the ownership of any property. The marriage was dissolved in 1928. John Carr entered into actual possession of the premises and continued, it is said, to exercise dominion and control over the property until his death. It is charged that the defendant orally agreed to convey the premises to John upon request but nevertheless has persistently declined to do so. Whether John during the span of twenty-one years preceding his death ever demanded a conveyance of the property to him is obscure. The defendant maintains that John occupied the property as a tenant at a stated monthly rental. However, it is apparent that the conveyance was made in 1921. It is challenged for the first time by the present bill, which was filed on December 13th, 1943.
The bill of complaint exhibits the fashion of one for the specific performance of an oral agreement to be enforced under the doctrine of partial performance. It is so characterized by counsel for the complainants. The agglomeration of events disclosed by the evidence does not in the exercise of sound discretion sustain such a cause of action. Fundamentally the proof of a contract to convey, with the requisite mutuality of agreement between John and his brother, is not clear, definite, and certain; hence it is not adequately evident that the acts represented to constitute part performance were referable to a contract and in pursuance of it. The essential elements of a suit for specific performance are not satisfactorily established, and for that reason the bill must be dismissed.
If, however, the style of the bill is ignored and the entire case is panoramically viewed, no equitable justification for *Page 518 
granting on other grounds the relief desired by the complainants is discernible. The evidence is also too deficient in its factual substance to create the implication of a resulting trust. The proof of a resulting trust must not only satisfy the rule of preponderance, but it must be clear, certain, definite, reliable, and convincing. Berla v. Strauss, 74 N.J. Eq. 678;75 Atl. Rep. 763; affirmed, 76 N.J. Eq. 275; 74 Atl. Rep. 518; Vigne v.Vigne, 98 N.J. Eq. 274; 130 Atl. Rep. 816; Turner v. Cole,116 N.J. Eq. 360; 173 Atl. Rep. 613; affirmed, 118 N.J. Eq. 497;179 Atl. Rep. 113. Incidentally, the inference that the defendant was always impecunious and financially unable to buy the property is further dispelled by the letter of the complainant Julia Culley addressed to the defendant on December 15th, 1942, the minacious tenor of which is conspicuous. There is, of course, no evidence sufficient to overthrow the terms of the deed on the basis of an express trust.
Remember, it is the pre-eminent insistence of the complainants that their father procured the conveyance of the property to be made to the defendant and Healey to deceitfully avoid his marital and parental obligations to support his wife and his children, the present complainants. Assuredly, such iniquitous conduct would deprive the father of equitable aid in recovering title to the premises. Blaine v. Krysowaty, 135 N.J. Eq. 355;38 Atl. Rep. 2d 859, and authorities therein cited. The complainants sue as his heirs-at-law. It must be at once realized that the acquisitions of an heir are essentially derivative and successional. Recently I resolved that an executor of a fraudulent transferor could not recover for the benefit of legatees and devisees the property deceitfully conveyed.Duttkin v. Zalenski, 136 N.J. Eq. 81; 40 Atl. Rep. 2d357.
If the ancestor has corruptly drained his reservoir of equity, how can his heirs, as such, legitimately obtain any derivative refreshment from it? My attention immediately turns to the doctrines of law, morality, and public policy which declare that a fraudulent transfer is constant between the parties and their heirs-at-law and personal representatives. Hildebrand v.Willig, 64 N.J. Eq. 249; 53 Atl. Rep. 1035; *Page 519 Bankers Trust Co. v. Bank of Rockville, c., 114 N.J. Eq. 391,398; 168 Atl. Rep. 733. A decision directly in point is that of Vice-Chancellor Buchanan adopted by the Court of Errors and Appeals in Leib v. Griffin, 147 Atl. Rep. 634 (not included in our Equity Reports). Cf. Robertson v. Sayre,134 N.Y. 97; 31 N.E. Rep. 250.
Does the circumstance that the complainants may have suffered in some degree the impact of their father's deceit enable them as his heirs-at-law to now augment his intestate estate to their financial advantage? There can be no doubt of the power of this court to invalidate fraudulent transfers at the instance of victimized creditors. In the present exigency, I would be required to metamorphose the heirs into defrauded creditors. Such a legal transformation cannot be judiciously achieved. They are not creditors in the proper sense. The estate of their father was not insolvent. Indeed, he left to the complainants a net estate of at least $35,000. It is said that the value of the parcel of real estate here involved does not exceed $3,000. And so, this latter hypothesis is unavailing.
I may add that whether the declaration of the grantor, Paul Williams, now deceased, to the effect that he had sold the property to John Carr (which in point of the time and attending circumstances of the alleged utterance casts doubt upon its admissibility: Beeckman v. Montgomery, 14 N.J. Eq. 106, 110;Price v. Inhabitants of Plainfield, 40 N.J. Law 608, 612;Battery Park National Bank v. Brown, 85 N.J. Eq. 70;95 Atl. Rep. 866; Turner v. Cole, supra; 20 Am. Jur., "Evidence," §604) is received or rejected, is of no decisive significance in the determination of this cause.
The bill must be dismissed. *Page 520