Catherine Killeen and John Killeen, complainants-respondents,

*v.*

James Killeen, defendant-appellant.

[Argued October 30th, 1947. Decided January 29th, 1948.]

*Messrs. Crummy & Consodine,* for the complainants-respondents.

*Mr. Laurence Semel,* for the defendant-appellant.

The opinion of the court was delivered by

FREUND, J.

James Killeen appeals from a decree of the Court of Chancery declaring that he holds title to premises No. 610 South Tenth Street, in the City of Newark, in trust for his brother and sister-in-law, John Killeen and Catherine Killeen, the respondents. We are in accord with the conclusion reached by the learned Vice-Chancellor that the testimony establishes a resulting trust.

John Killeen's occupation was that of tavern keeper. In 1943, when both he and his wife were over 60 years of age, he was in poor health, unemployed, and there were judgments

against both of them. Through an advertisement under "Business Opportunities" in the *Newark Evening News,* they located the premises in question which ideally suited their needs as a means of livelihood and residence. The property, consisting of a tavern business including license and fixtures, dwelling quarters in the rear of the first floor, and two income producing apartments above, was offered for sale by a widowed woman. After negotiations with the broker for the seller, they agreed upon the sale price of $4,000. Having no independent means with which to make the purchase, they consulted an old friend in the real estate business regarding a mortgage. He investigated the property and told them that he could obtain a mortgage loan for the full purchase price of $4,000 if they would furnish someone to serve as mortgagor-obligor because of the judgments against them, their age, and the ill health of John Killeen. They then secured the consent of the appellant, a younger brother who lived in Paterson, for the use of his name. Accordingly, the contract of purchase and, later, pursuant thereto, the deed for the premises, were drawn with the name of the appellant, James Killeen, as vendee and as grantee. He and Frances Killeen, his wife, executed the bond and mortgage for $4,000 to the Savings and Loan Association, the full proceeds of which were paid to the vendor of the property as the consideration for the conveyance. The deposit paid on the execution of the contract, the fees and disbursements in connection with the mortgage transaction, and the attorney's fees, were all paid by respondents who raised the money through loans from friends. The appellant expended no moneys. The respondents immediately went into possession, they both operated the tavern and later they moved into the dwelling portion of the property. Since the delivery of the deed, respondents have been in full and complete possession and control of the premises. They have made all of the payments under the bond and mortgage, they have paid all of the taxes and carrying charges, they have collected the rents from the tenants, they have never accounted to appellant and he has never sought an account. And, they have cleared the judgments against them. In short, they have assumed and have

exercised all of the rights and duties of ownership. In August, 1946, appellant for the first time claimed to be the owner, whereupon Catherine Killeen, one of the respondents, filed the bill to impress a trust.

The intention of the parties, inferred from the foregoing acts at or about the time when title was conveyed and from the contemporaneous circumstances, establishes an appropriate case of resulting trust. *Culler* v. *Tuttle, 19 N. J. Eq. 549; Mershon* v. *Duer, 40 N. J. Eq. 333; Baker* v. *Baker, 75 N. J. Eq. 305; Phillips* v. *Phillips, 81 N. J. Eq. 459;* affirmed in *83 N. J. Eq. 345; Fagen* v. *Falvey, 96 N. J. Eq. 461;* affirmed in *98 N. J. Eq. 411.* The subsequent conduct of the parties corroborates our conclusion. *2 Bogert, Trusts and Trustees 1362 § 454.*

The appellant argues that the general rule regarding the presumption of resulting trust does not apply in the instant case, because the entire purchase price came from the proceeds of the bond and mortgage executed by appellant and his wife. Under the circumstances of this case, this fact does not alter our conclusion. The accepted rule is thus declared in *Restatement of the Law of Trusts 1394 § 456-F:*

"Where property is sold and a part of the purchase price is paid in cash by a person other than the transferee and the balance is secured by a purchase money, mortgage on the property, the fact that the transferee executes the mortgage and incurs an obligation to the vendor for the balance of the purchase price does not of itself entitle him to a beneficial interest in the property. In such a case the inference is that the other person, who is the real purchaser, undertakes to exonerate the transferee from any liability to pay the vendor the deficiency if on foreclosure of the mortgage the property should be insufficient for the payment of the balance of the purchase price."

We are of the opinion, however, that the court below erred in two respects.

First, in failing to provide for exoneration of the appellant and his wife, Frances, from liability under the bond and mortgage. While the inference is that the liability for the obligation *inter sese* is primarily on the respondents, nevertheless, the decree should have expressly provided for the discharge or release of the appellant and his wife, the obli-

gors, from liability for the debt or exoneration from liability for any deficiency which might arise.

Second, we are of the opinion that the court erred in adding respondent John Killeen as a party complainant without terms and without an opportunity to the appellant to plead as to the added party. The bill of complaint was filed by Catherine Killeen alone. We think it necessary that John Killeen be added as a party so as to invest the Chancellor with jurisdiction to grant "a complete determination of the controversy." It has always been the rule in Chancery that when it appears, at any time before final decree, that a person not made a party is a necessary party to the suit, courts of equity will, of their own motion, arrest the proceedings that such person may be made a party. It is not all persons but, in general, those only who have an interest in the object of the suit, who are ordinarily required to be made parties. So far as the record discloses, no application to add John Killeen as a party was made by Killeen, or his solicitor. In the concluding paragraph of the opinion, the learned Vice-Chancellor said:

"Decree will be advised that the defendant holds the property in trust for Catherine Killeen and John Killeen, her husband, the latter having been added as a party complainant during the course of the proceedings."

The concluding paragraph of the final decree provided: "that John Killeen, husband of Catherine Killeen, be and he is hereby made a party complainant in this cause under the rules of the Court of Chancery."

Rule 12 of the Court of Chancery provides:

"12. The court, at any stage of the proceedings, either upon or without application, may order, *upon terms,* * * * any party improperly omitted, or whose presence is necessary to a complete determination of the controversy, to be added."

Great latitude and discretion is given to the court for the adding or dropping of parties to a cause. The addition of a party may be purely formal and incidental to the main suit or his interest may be substantial. In either case, the addition should be made upon terms. We do not mean to pre-

scribe any standards which the rules themselves do not specify. The requirements may vary with the exigency of the situation. An added party, however, should be required to conform with the essential formalities of procedure demanded of an original party, such as, the filing of a pleading or in the nature of a pleading and the opposing or other parties should have an opportunity to file an answering pleading, as in the case of an original party. The interest or claim of the added party may, perhaps, be dictated on the record in the course of a trial and the answer thereto made at the same time. On the other hand, the interest, claim or cause of action of the added party may not be incidental to the main case but basic and independent of the original party, in which case the formalities of pleading demanded of original parties are to be followed with the right of the opposing party to answer or counter-claim, subject to such terms as the court may impose.

The appellant here argues with some merit that, if John Killeen had been added as a party prior to the entry of the final decree, he might have filed a counter-claim against him. The suggested counter-claim may not have had any merit but the appellant should have been given the opportunity to plead to the added party. We think that the addition of John Killeen as a party complainant, at the same time that the final decree was entered in his favor without a pleading and without an opportunity to the appellant to plead, was arbitrary and erroneous.

We conclude, therefore, that the cause be remanded to the Court of Chancery for further proceedings in accordance with this opinion.

*For affirmance*—BODINE, DONGES, HEHER, WACHENFELD, DILL, JJ. 5.

*For reversal*—None.

*For remanding*—THE CHIEF-JUSTICE, COLIE, EASTWOOD, BURLING, WELLS, FREUND, MCLEAN, SCHETTINO, JJ. 8.