WILLIAM J. HUSSONG, PLAINTIFF-APPELLANT, v. MARY H. FOX ET AL., DEFENDANTS-RESPONDENTS.

Argued February 28, 1949—Re-argued April 25, 1949—
Decided May 9, 1949.

*Mr. W. Louis Bossle* argued the cause for the appellant.

*Mr. Bernhard G. Luethy* argued the cause for the respondents.

The opinion of the court was delivered by

BURLING, J. This is an appeal from an order of the former Court of Chancery dismissing a bill to set aside certain conveyances for the reason that the complainant had no standing in that court to maintain the suit.

The appellant is the assignee of a certain bond and mortgage made August 20, 1926, by Marion Fox to the United Investors Company, which mortgage was thereafter duly recorded. On November 7, 1934, the mortgagor died, leaving as her heirs and next of kin five daughters, one of whom was defendant Elizabeth Fox. On April 27, 1933, and May 15, 1933, and thus prior to the death of the mortgagor, Marion Fox, there were recorded in the appropriate offices of Cape May and Camden Counties, respectively, five deeds in all of which Marion Fox was grantor and the defendant Elizabeth Fox, her daughter, was grantee, and by which were conveyed real property in the cities of Wildwood and Camden. It is these deeds which are attacked in the instant case as fraudulent.

On November 12, 1935, a bill to foreclose the mortgage was filed in the Court of Chancery, as the result of which the mortgaged premises were sold by the sheriff of Camden County to the appellant for the sum of $50. This sale was confirmed May 11, 1936. There was a deficiency of $8,411.67. The bill in the instant case was filed August 10, 1936. On January 19, 1937, administration of the estate of the deceased mortgagor was granted to Vincent L. Gallaher, Esq., and on that date appellant presented his claim to this administrator and the same was allowed. For some unexplained reason no further steps were taken in the cause until January 12, 1947, when the appellant filed a supplement to his bill, which supplement alleged the appointment of the administrator and the allowance of the claim as heretofore described. At the final hearing on December 9, 1947, the parties filed written admissions, stipulating *inter alia* that no judgment for the deficiency had ever been obtained by the appellant. The respondents moved for a dismissal on the bill and the motion was granted, this action forming the basis of this appeal.

█ In order to invoke the aid of Chancery in setting aside a fraudulent conveyance a creditor must hold either a judgment or other lien against the property transferred. *F. W. Horstmann Co. v. Rothfuss*, 128 *N. J. Eq.* 168, 170 (*E. & A.* 1940); *Gross v. Pennsylvania Mortgage & Loan Co.*, 104

*N. J. Eq.* 439, 442 (*E. & A.* 1929). Since in the instant case the appellant admittedly does not hold a judgment against the property, does he possess a lien thereon? The answer is in the negative. As heretofore noted, the administrator of the decedent's estate, on January 19, 1937, allowed the claim of the appellant. This allowance established the amount of the claim and would have given the appellant a lien which would be sufficient to give the appellant a standing to maintain his present bill in Chancery, *Rutherford v. Alyea,* 54 *N. J. Eq.* 411 (*E. & A.* 1896); *South Camden Trust Co. v. Black,* 110 *N. J. Eq.* 97 (*Ch.* 1932); *Haston v. Castner,* 31 *N. J. Eq.* 697, 699 (*E. & A.* 1879); *Clapp, Wills and Administration in New Jersey* (1937), § 329, *p.* 480, were it not for the provisions of *R. S.* 2:65–2 relating to the procedure for the foreclosure of mortgage. That statute read as follows at the time this bill was filed:

"Where both a bond and a mortgage have been given for the same debt, all proceedings to collect the debt shall be:

"First, a foreclosure of the mortgage; and

"Second, an action on the bond for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs.

"The action on the bond shall be commenced within three months from the date of the confirmation of the sale of the mortgaged premises, in which action judgment shall be rendered and execution issued only for the balance due on the debt and interest and costs of the action.

"No action shall be instituted against any person answerable on the bond unless he has been made a party in the proceeding to foreclose the mortgage."

By the time appellant's claim was allowed by the administrator more than three months had elapsed since the confirmation of the sale. The mandate of the statute that actions on the bond must be commenced within three months therefrom is clear and inescapable. From and after August 11, 1936, the expiration of this three months period, the appellant had lost his right to enforce a deficiency against the estate of the obligor. It must be recalled that the appellant is not an ordinary creditor but one whose remedies are cir-

cumscribed by the statute. The public policy evinced by this statute is to require expedition and diligence in the enforcement of deficiencies resulting from mortgage foreclosures.

Nor does the fact that on August 10, 1936, one day before the allowable statutory period elapsed, the appellant applied to the Surrogate of Camden County for letters of administration upon the estate of the deceased mortgagor alter· the situation even though this application culminated in the appointment of an administrator. Such a petition to the surrogate is not the commencement of an action within the meaning of the statute.

The appellant contends that the presentment and allowance of the claim was not the commencement of an action on the bond and relies upon the cases of *Rogovin v. Kridel,* 116 *N. J. L.* 97 (*E. & A.* 1936); *Crater v. Smith,* 42 *N. J.* Eq. 348 (*Prerog. Ct.* 1886); affirmed, *Smith v. Crater,* 43 *N. J. Eq.* 636 (*E. & A.* 1888), and *Weatherby v. Sparks,* 63 *N. J. L.* 445 (*Sup. Ct.* 1899). The principle expounded in those cases is inapplicable to the case at bar. They stand for the principle that an obligee of a deceased obligor may file a claim with an administrator prior to the foreclosure of an' accompanying mortgage. The cases are directed toward the first two paragraphs of the statute and relate to the sequence of procedure, whereas the instant case concerns itself with the third paragraph thereof, relating·to the time limitation of commencement of the action.

Since these conclusions dispose of the appeal, it is unnecessary to consider the remaining questions raised by the appellant.

The order of the former Court of Chancery is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.