8 N.J. Super. 263 (1950)
74 A.2d 317
HELEN POPE, INDIVIDUALLY, AND RANDOLPH POPE, DIANE POPE AND JOSEPH POPE, INFANTS THROUGH THEIR NEXT FRIEND, HELEN POPE, AND HELEN POPE, ADMINISTRATRIX OF THE ESTATE OF JOSEPH POPE, DECEASED, AND GEORGE RUSSINKO, DAVID WASERMAN, FRANK MARTONE, OIL AIR CORP., A CORPORATION OF NEW JERSEY, STEPHEN J. HAVRILLA, HELEN BILAS, BENJAMIN REINAUER AND REINAUER BROS., INC., A CORPORATION, PLAINTIFFS-RESPONDENTS,
v.
BETTY BAIN, SOMETIMES KNOWN AS BETTY P. BAIN, DEFENDANT-APPELLANT, AND HENRY BAIN, III, AND SAUL COHEN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1950.
Decided June 19, 1950.
*264 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Martin Klughaupt argued the cause for the plaintiffs-respondents.
Mr. Aaron Heller argued the cause for the defendant-appellant, Betty Bain (Messrs. Heller & Laiks, attorneys).
The opinion of the court was delivered by EASTWOOD, J.A.D.
Appellant, Betty Bain, appeals from a judgment of the Superior Court, Chancery Division, setting aside conveyances of several parcels of real estate made to her by Joseph Pope, now deceased; and, alternatively, from the trial court's refusal to allow appellant a lien against one of the properties for moneys advanced and paid by her for the maintenance thereof.
Joseph Pope died intestate on June 27, 1947, leaving him surviving his widow, Helen Pope and three minor children, *265 Randolph, Diane and Joseph Pope. For the purpose of this appeal, appellant concedes the correctness of the factual situation, viz.: On August 11, 1944, and on March 4, 1946, Joseph Pope purchased premises known as 170 and 172 Lafayette Avenue in the City of Passaic. Title thereto was taken in the name of his sister, Betty Bain. Pope similarly purchased a vacant lot situate on Paulison Avenue in the City of Passaic, taking title thereto in the name of the appellant, Betty Bain. The defendant, Saul Cohen, concedes that on July 19, 1946, Betty Bain, at the direction of Joseph Pope, conveyed a portion of the Paulison Avenue lot to him merely as security for a loan of $5,000 made by Cohen to Pope. All of the real estate was purchased by Joseph Pope and title thereto taken in the name of Betty Bain to avoid an existing judgment of record against Pope in the sum of $30,000. This judgment was later wiped out by voluntary bankruptcy proceedings taken by Pope. The trial court determined that Betty Bain and her husband, Henry Bain, III, and Saul Cohen held title to the aforementioned properties in trust for the plaintiffs, Randolph, Diane and Joseph, infants and heirs at law of the decedent, Joseph Pope, subject first to the dower interest of Helen Pope, widow, and subject secondly to the rights of creditors of decedent. Saul Cohen has not taken an appeal nor has Henry Bain, III, joined in his wife's appeal.
Appellant contends that the court found as a fact that title had been taken in her name for the purposes of perpetrating a fraud upon his creditors and that as between the parties, or his heirs at law and creditors, no relief may be granted.
Respondents contend that the trial court correctly determined that, even assuming that decedent was guilty of conduct which would bar recovery in an action started by himself, his dereliction cannot be charged against plaintiffs; that the creditors are not barred from inquiring into the circumstances regarding the conveyances and the cry of unclean hands cannot be raised against the widow and minor children who had no part in the alleged fraud.
*266 No principle of law is better settled in this State, nor does any doctrine of law rest upon higher principles of morality, or more obvious considerations of public policy, than that which declares a transfer of property made in fraud of creditors, while void as to them, is good between the parties, their heirs at law and legal representatives. Bankers Trust Co. v. Bank of Rockville, &c., 114 N.J. Eq. 391 (E. & A. 1933). Cf. Lieb et al. v. Griffin et al. (unreported in State Reports), 147 A. 634 (E. & A. 1929). As stated in the maxim quoted by Judge Jayne (then Vice-Chancellor), in Blaine v. Krysowaty, 135 N.J. Eq. 355 (Ch. 1944):
"`He who doth fraud may not borrow the hands of the Chancellor to draw equity from a fountain his own hath polluted.' * * *"
This rule of law was re-affirmed by Vice-Chancellor Jayne in Culley v. Carr, 137 N.J. Eq. 516 (Ch. 1946), wherein he stated at pp. 518, 519:
"If the ancestor has corruptly drained his reservoir of equity, how can his heirs, as such, legitimately obtain any derivative refreshment from it? My attention immediately turns to the doctrines of law, morality, and public policy which declare that a fraudulent transfer is constant between the parties and their heirs-at-law and personal representatives. Hildebrand v. Willig, 64 N.J. Eq. 249; 53 Atl. Rep. 1035; Bankers Trust Co. v. Bank of Rockville, &c., 114 N.J. Eq. 391, 398; 168 Atl. Rep. 733. A decision directly in point is that of Vice-Chancellor Buchanan adopted by the Court of Errors and Appeals in Lieb v. Griffin, 147 Atl. Rep. 634 (not included in our Equity Reports). Cf. Robertson v. Sayre, 134 N.Y. 97; 31 N.E. Rep. 250."
Plaintiffs rely upon the case of Killeen v. Killeen, 141 N.J. Eq. 312 (E. & A. 1948), wherein the court established a resulting trust in certain real estate where title had been taken in the name of someone else because of judgments against the real purchaser. The factual situation in the Killeen case is readily distinguishable from the case at bar. There, the court did not turn its decision on the doctrine applicable here; in fact, it did not even allude to it.
With respect to the respondents' contention that the creditors are entitled to pursue their action to set aside the *267 conveyances in question, we wish to point out that they were not creditors of the decedent Joseph Pope when title thereto was taken in the name of Betty Bain. The record reveals that at the time there was only one judgment creditor of record and he was later eliminated by Pope's voluntary bankruptcy proceeding. The relationship of debtor and creditor was created subsequent to and with full knowledge of the conveyances in question. Consequently, the decedent's creditors are not entitled to any relief in this action. In Hussong v. Fox, 2 N.J. 209 (1949), at pp. 211, 212, it was held:
"In order to invoke the aid of Chancery in setting aside a fraudulent conveyance a creditor must hold either a judgment or other lien against the property transferred. F.W. Horstmann Co. v. Rothfuss, 128 N.J. Eq. 168, 170 (E. & A. 1940); Gross v. Pennsylvania Mortgage & Loan Co., 104 N.J. Eq. 439, 442 (E. & A. 1929). * * *"
We are sympathetic with the equitable result sought to be achieved by the judgment of the Chancery Division. Pope's widow and children are, of course, guilty of no fraud. However, with respect to their claim in this property, they stand in the shoes of the decedent. The conduct of the appellant, Betty Bain, is equitably reprehensible and it is regrettable that under the established principles heretofore discussed, the judgment cannot be entered against her. We must, perforce, follow the well defined prevailing rule.
With respect to the conveyances made to the appellant, Betty Bain, the judgment is reversed.