70 N.J. Super. 404 (1961)
175 A.2d 662
DEERHURST ESTATES, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
M. MICHAEL MEADOW AND MEADOW HOMES, INC., A CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1961.
Decided November 20, 1961.
*405 Before Judges GAULKIN, KILKENNY and HERBERT.
Mr. Seymour Margulies argued the cause for appellant (Messrs. Rubenstein & Glick, attorneys; Messrs. Levy, Lemken & Margulies, of counsel).
Mr. Saul J. Zucker argued the cause for respondents (Messrs. Kristeller, Zucker, Lowenstein & Cohen, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
On defendants' motion before trial, the Superior Court, Chancery Division, Middlesex County, dismissed plaintiff's complaint to set aside allegedly fraudulent conveyances from the corporate defendant to the individual defendant and ordered its notice of lis pendens to be *406 discharged. This was done solely because the plaintiff was not then the holder of a judgment or other lien against the defendants.
The Chancery Division then stayed its judgment of dismissal pending the prosecution of this appeal by the plaintiff.
The issue before us is whether one who asserts a claim at law for money damages must have first reduced that claim to a judgment or other lien before he may file an action to set aside a fraudulent conveyance.
The facts before the court on the motion to dismiss were not in dispute. Plaintiff sued the corporate defendant in the Superior Court, Law Division, to recover money damages for an alleged breach of warranty arising out of a contract between the parties for the sale of realty. This complaint was filed on January 18, 1957 and resulted in a judgment in plaintiff's favor on the issue of liability on May 13, 1958, and thereafter, on November 19, 1959, a judgment with respect to damages was entered. The opinion is reported in 50 N.J. Super. 140 (Law Div. 1958).
On August 4, 1959 plaintiff filed its separate fraudulent conveyance suit in the Chancery Division, designating Middlesex County as the venue because the lands were in that county, referred to the aforesaid liability judgment in the Law Division and the pending determination of damages, and asserted that the corporate defendant had conveyed certain lands to the individual defendant, without consideration and in fraud of creditors, by two deeds dated December 18, 1956, but allegedly executed and recorded on October 21, 1957.
While the Chancery Division suit was awaiting trial, the Law Division judgment was reversed on appeal to the Appellate Division and remanded for a new trial solely on the issue of liability. 64 N.J. Super. 134 (App. Div. 1960), certif. den. 34 N.J. 66 (1961). The Appellate Division determined that no error had been committed in calculating the damages, so that it would not be necessary to retry that phase of the case. If liability were properly re-established on the remand, the damages would stand, subject only to *407 modification in the mathematically computable provisions with respect to interest. If the retrial resulted in a judgment of no liability, then "the damage judgment of November 19, 1959 shall be in all things reversed, set aside and for nothing holden."
It was while the litigation was in that posture, and before the retrial of the Law Division suit, that defendants moved successfully for the dismissal of the fraudulent conveyance complaint in the Chancery Division, which action gives rise to this appeal. Meanwhile, as we are advised, the Law Division issue of liability has been recently retried and a decision is expected soon.
Prior to our present 1947 Constitution, with its new judicial system and the new rules of practice effective thereunder, it was deemed necessary, in order to satisfy constitutional requirements, for a creditor to have a judgment or lien before he could have a conveyance set aside as fraudulent by the old Court of Chancery. Thus, as stated in Hussong v. Fox, 2 N.J. 209, 211 (1949), in referring to the practice before September 15, 1948:
"In order to invoke the aid of Chancery in setting aside a fraudulent conveyance a creditor must hold either a judgment or other lien against the property transferred. F.W. Horstmann Co. v. Rothfuss, Err. & App. 1940, 128 N.J. Eq. 168, 170; Gross v. Pennsylvania Mortgage & Loan Co., Err. & App. 1929, 104 N.J. Eq. 439, 442."
See, too, Johnson v. Lentini, 66 N.J. Super. 398 (Ch. Div. 1961).
The Gross case, supra, rested its holding on the traditional view that equity's jurisdiction in these cases depended on a "judgment at law or the establishment of a lien." It held unconstitutional a 1919 statute,
"to the extent that it attempts to give the Court of Chancery authority to hear and determine actions for debt and for damages arising out of a breach of contract, which power is solely within the jurisdiction of the law courts." (104 N.J. Eq., at p. 442.)
*408 Our present Superior Court, with general jurisdiction, both legal and equitable, no longer suffers from the constitutional limitations applicable to the old Court of Chancery. Hence, the reason for the rule in cases like Gross, supra, has disappeared. Our Supreme Court, under its rule making power, and the Legislature, by specific enactment, have eliminated the necessity of first reducing a money claim to a judgment before instituting an action to set aside a fraudulent conveyance. Thus, R.R. 4:31-2 particularly provides:
"* * * a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."
See, too, Civil Procedure Form number 11, entitled "Complaint on claim for debt and to set aside fraudulent conveyance," adopted by the Supreme Court, as further evidence of our present practice.
N.J.S.A. 25:2-16, as amended by L. 1953, c. 25, is legislative sanction for proceeding in the Superior Court to set aside a fraudulent conveyance, whether a creditor's claim has matured or not. Section 279 of the New York Debtor and Creditor Law, with language similar to our N.J.S.A. 25:2-16, was interpreted in American Surety Co. of New York v. Conner, 251 N.Y. 1, 166 N.E. 783, 65 A.L.R. 244 (Ct. App. 1929), to mean that a creditor need not have his claim reduced to judgment before taking action under the Fraudulent Conveyance Act.
For an exposition of R.R. 4:31-2 and its counterpart in federal practice, Federal Civil Procedure Rule 18(b), see Schnitzer and Wildstein, N.J. Rules Service, Annotations, pp. 946-949; and Wynne v. Boone, 88 U.S. App. D.C. 363, 191 F.2d 220, 224 (D.C. Ct. App. 1951).
Defendants contend that the plaintiff is not only not a judgment creditor, "it is not even a creditor of a liquidated indebtedness * * *. It is simply a claimant of unliquidated damages for an alleged breach of a real estate *409 contract of sale and purchase." We need not explore the necessity of a creditor's claim's being liquidated, because in this case plaintiff's damages have been made liquidated by the prior Law Division judgment, which remains undisturbed by the reversal and remand of the Appellate Division.
We see no merit in defendants' argument that a literal application of R.R. 4:31-2 and N.J.S.A. 25:2-16 would interfere with the free alienability of property, by permitting a plaintiff to prevent a transfer of title pending litigation which might never result in a judgment in plaintiff's favor. While the wisdom of the policy might be debated, we must obey the mandate of superior authority and allow the procedure. This new procedure does not mean that conveyances will be set aside as fraudulent before the creditor's claim has been reduced to judgment or other lien, but it does permit the filing of a complaint for that purpose, so that judgments subsequently obtained may have a better chance of being satisfied.
We conclude that the Chancery Division should not have dismissed the fraudulent conveyance complaint, but should have directed a joinder under the circumstances or stayed that action until the plaintiff had obtained a judgment establishing defendant's legal liability in the breach of warranty action. Compare Harder v. Harder, 113 N.J. Eq. 540 (Ch. 1933), and State of Ohio v. Clarke, 129 N.J. Eq. 344, 348 (Ch. 1941). Since the Law Division action has already been retried and the venue of the Chancery Division suit must be in Middlesex County, where the lands are located, we need not now consider the desirability of a present joinder of both actions in the one court and venue, as normally contemplated by R.R. 4:31-2.
The judgment dismissing the Chancery Division complaint and discharging the notice of lis pendens is reversed and the complaint is to be restored to the trial calendar, but hearing thereon shall be stayed until the plaintiff establishes the defendant's liability in the pending Law Division action.